IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD GENE GUY,

        Plaintiff,

vs.                                                                               No. CIV 14-0190 JB/KK

TWO UNKNOWN FEDERAL
MARSHALS, Official Administrators for the
U.S. District Court for the District of New
Mexico; SUSANA MARTINEZ, New
Mexico State Governor; UNKNOWN U.S.
ARMY C.I.D. OFFICER; STATE
DEPARTMENT UNKNOWN OFFICER;
AMERICAN EMBASSY IN KUWAIT and
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO,
Official Capacity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Civil Rights Complaint/Bivens Action, filed February 27, 2014 (Doc. 1)("Complaint").  Plaintiff Richard Guy is incarcerated, appears pro se, and is proceeding in forma pauperis.  The Court will dismiss the Complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint is Guy's second complaint concerning events that occurred in Kuwait and New Mexico from 2006 to 2007.  See Guy v. Northcutt, No. CIV 08-0347 WFD/LFG.  In the current Complaint, Guy alleges that he was working in Kuwait from 2005 to 2007 as an employee of private defense contractors.  In 2006, Kuwaiti officials arrested him for violations of Kuwaiti law, briefly confined him under primitive conditions, and ignored his medical

conditions. The named Defendants allegedly conspired with each other to illegally detain Guy pursuant to a New Mexico arrest warrant on state criminal tax charges and to extradite him to the United States of America. When Kuwaiti officials released Guy from detention, two Deputy United States Marshals escorted him on his return to the United States. It appears from Guy's numerous filings in this Court, see Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996)(noting that courts may take judicial notice of a plaintiff's prior actions), that he has remained incarcerated in New Mexico since his return. He contends that the Defendants' actions violated a number of his constitutional protections. The Complaint seeks damages.

In Guy's earlier action, Guy v. Northcutt, No. CIV 08-0347 WFD/LFG (D.N.M.), he named two of the Defendants in the current action and asserted claims arising from the same series of events. In that complaint, he made the same allegations of illegal detention him in a Kuwaiti holding cell, lack of medical treatment, and illegal extradition to the United States. The current Complaint does not explain why Guy is now reasserting his claims from 2006-2007.

In Guy's current Complaint, he also alleges that this Court violated a district-wide recusal order and relied on false information in dismissing his earlier complaint. In Guy's earlier action, the Honorable Martha A. Vazquez, then-Chief United States District Judge for the District of New Mexico, recused all of the District of New Mexico's Judges, see Guy v. Northcutt, No. CIV 08-0347 WFD/LFG (D.N.M. Oct. 30, 2008)(Doc. 17), on grounds that the complaint asserted claims against then-Deputy United States Marshal Dunn of this District. Chief Judge Vazquez reassigned the case to an out-of-district judge, the Honorable William F. Downes, then-Chief United States District Judge for the District of Wyoming. The Honorable Lorenzo F. Garcia, then-Chief United States Magistrate Judge for the District of New Mexico, subsequently entered two Report and Recommendations ("R&Rs"). See Guy v. Northcutt, No. CV 08-0347

WFD/LFG (D.N.M. Apr. 9, 2009 & June 1, 2009)(Docs. 52, 62.) On de novo review of the first R&R, the Chief Judge Downes dismissed Guy's claims against all Defendants except Deputy Marshal Dunn. See Guy v. Northcutt, No. CIV 08-0347 WFD/LFG (D.N.M. May 11, 2009)(Doc. 59). Later, after de novo review of the second R&R, the assigned Judge dismissed with prejudice Guy's claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), against Defendant Dunn. See Guy v. Northcutt, No. CIV 08-0347 WFD/ LFG (D.N.M. Aug. 25, 2009)(Doc. 64). Guy did not seek relief from either order, nor did he file a notice of appeal. He now asserts that the Court violated his due-process rights in the earlier action. In his Notice of [Excusal] Facts Requiring Recusal, filed March 26, 2014 (Doc. 4)("Notice"), he argues that the Judges of this District must recuse from hearing this matter, on grounds that the Court has a conflict of interest and is named as a Defendant. Recusal is the only relief that Guy appears to seek on this due-process claim.

## LAW REGARDING IN FORMA PAUPERIS COMPLAINTS

A federal court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). The United States Court of Appeals for the Tenth Circuit has ruled that a complaint may be dismissed sua sponte prior to service under 28 U.S.C. § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987)(affirming sua sponte

dismissal under former § 1915(d) based on the plaintiff's waiver of rights). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Guy's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## ANALYSIS

The Court concludes that it need not recuse itself from consideration of this case, because the conflict that necessitated the District's recusal from Guy's prior case -- Guy's naming of a District of New Mexico Deputy United States Marshall -- has been resolved, as the Deputy Marshall in question no longer works for the District. The Court will dismiss Guy's Complaint on the ground that it is time-barred.

I.      **RECUSAL IS NOT WARRANTED.**

First, Guy's allegations do not require the Court to recuse itself. On review of the United States Marshals Service's current roster of Deputies, the Court notes that Dunn, the defendant in the old case, is no longer assigned to this District. Thus, the apparent conflict of interest that led to the previous recusal no longer exists. Furthermore, naming the District of New Mexico as a Defendant does not require the Court to recuse itself. See McMurry v. Smith, No. CIV 08-0408 MCA/LFG, 2008 WL 8837021, at (D.N.M. July 11, 2008)(Armijo, J.)("[W]hen a litigant has sued all of the judges in the district, the rule of necessity allows one of the sued judges to preside over the case." (citing Bolin v. Story, 225 F.3d 1234, 1238-40 (11th Cir. 2000))). An out-of-district judge made the two dispositive rulings in the earlier action after de novo review of the R&Rs. Guy's remedy for his dissatisfaction with the outcome of that case was to seek relief from the dismissal or to file a notice of appeal. "Adverse rulings . . . may be proper grounds for

appeal, they are not grounds for recusal." Pride v. Herrera, 28 F. App'x 891, 895 (10th Cir. 2001). "In Hinman v. Rogers, 831 F.2d 937, 939-40 (10th Cir. 1987), this court stated that a judge had a duty *not* to recuse himself on unsupported speculation." Willner v. Univ. of Kan., 848 F.2d 1023, 1027 (10th Cir. 1988). The Court will deny Guy's request for recusal.

## II.     THE COMPLAINT IS BARRED.

The limitations period that applies to Guy's claims has expired. Guy filed his Complaint in 2014, asserting claims based on events that occurred approximately seven years earlier in 2006-2007. His separate, purported due-process claim against the Court arose no later than August 25, 2009, when the Court dismissed his earlier action. He invokes both 42 U.S.C. § 1983 and the rule in Bivens as jurisdictional bases for his claims. New Mexico's three-year personal injury limitations period applies to each of Guy's claims. See Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir. 1984)(ruling on § 1983 claims), aff'd, 471 U.S. 261, 280 (1985). See also Industrial Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994)(ruling on Bivens claims). The Court will dismiss Guy's claims as barred by the statute of limitations unless statutory or equitable tolling has extended the three-year period. See Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007).

Neither of the available sources of tolling extended the limitations period that applies to this action. In New Mexico, the limitations period applicable to civil rights claims may be tolled in either of two ways. See Roberts v. Barreras, 484 F.3d at 1241. First, statutory tolling extends the limitations period where a prisoner-plaintiff must attempt to exhaust mandatory administrative remedies. See Roberts v. Barreras, 484 F.3d at 1242; N.M. Stat. Ann. § 37-1-12. Here, Guy's claims do not arise from conditions of his incarceration, cf. 42 U.S.C. § 1997e(a) (requiring exhaustion of prison administrative remedies), and § 1983 contains no other

exhaustion requirement, see Ellis v. Dyson, 421 U.S. 426, 432-33 (1975)("[W]e have long held that an action under § 1983 is free of that [judicial or administrative exhaustion] requirement."). Second, equitable tolling may extend the limitations period where circumstances beyond the plaintiff's control prevent filing of a claim. See Roberts v. Barreras, 484 F.3d at 1242; Ocana v. Am. Furniture Co., 91 P.3d 58, 66 (2004). Here, Guy has filed complaints in this Court in 2008, 2010, 2011, and 2012. See Green v. Nottingham, 90 F.3d at 418. He has clearly suffered no restrictions on his access to the courts, and the Court will dismiss his claims as barred by the statute of limitations.[1]

**IT IS ORDERED** that Plaintiff Richard Gene Guy's Civil Rights Complaint/Bivens Action (the "complaint") is dismissed with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[1] In light of this disposition, the Court need not address the separate bar imposed by the doctrine of res judicata. See Overton v. United States, 48 F. App'x 295, 301 (10th Cir. 2002)(quoting Plotner v. AT&T Corp., 224 F.3d 1161, 1168-70 (10th Cir. 2000)). See also Willner v. Budig, 848 F.2d 1032, 1034 (10th Cir. 1988); Official Publ'ns, Inc. v. Kable News Co., 811 F. Supp. 143, 147 (S.D.N.Y. 1993)("The doctrine of *res judicata* also bars litigation of the same causes of action against defendants who were known to plaintiff at the time the first action was filed but were not named where the newly-added defendants have a sufficiently close relationship to the original defendant. . . . Where the "new" defendants are sufficiently related to one or more of the defendants in the previous action which arises from the same transaction all defendants may invoke *res judicata*."). Even assuming, for purposes of this Memorandum Opinion and Order only, that Guy's separate claim against the Court may have survived the res judicata bar, see Mid-Continent Cas. Co. v. True Oil Co., 767 F.3d 1000, 1005 (10th Cir. 2014) (denying preclusion of a claim that "did not *exist*" during earlier action), the Court's absolute judicial immunity would act as a complete bar of this claim, see Bradley v. Fisher, 13 U.S. (1 Wall.) 335, 348 (1871)(quoted in Martinez v. Winner, 771 F.2d 424, 435 (10th Cir. 1985), judgment vacated as moot by Tyus v. Martinez, 475 U.S. 1138 (1986)).

*Parties*:

Richard Gene Guy
Western New Mexico Correctional Facility
Grants, New Mexico

    *Plaintiff pro se*